VINSON, District Judge,
dissenting:
“A regulation should be construed to give effect to the natural and plain meaning of its words.” Crown Pacific v. Occupational Safety & Health Review Comm’n, 197 F.3d 1036, 1038-39 (9th Cir.1999) (quotation marks and citation omitted). The critical regulation here naturally and plainly states that the amount of sodium for food labeling purposes is “based on only the edible portion of food, and not bone, seed, shell, or other inedible components.” 21 C.F.R. § 101.12(a)(6) (emphasis supplied). It is undisputed that the sunflower seed shells at issue in this case are inedible. Thus, it seems apparent to me that the District Court correctly concluded that Lilly’s attempt to require ConAgra to use different labeling in California is expressly preempted by the NLEA, and ConAgra has fully complied with the applicable FDA regulation. Food companies have the option of including clarifying statements about the inedible portions — and some have — but they are not required to do so.
Although we might prefer a regulation that includes the shell’s absorbed salt and to draw a distinction between an edible “coating” and an inedible shell, we are nonetheless bound to apply this unambiguous regulation objectively as it has been written. In my view, it is not currently written to allow such a nuanced distinction. The FDA could, of course, have drafted the regulation in any detail that it wanted (and it could still do so now), making distinctions such as the one favored by the majority today.[1] Because courts are not— and should not be — in the regulation-writing business, I believe we should leave that task to the FDA in the first instance.
Therefore, I respectfully dissent.

. Despite our wishes otherwise, there are no page or word limits on federal regulations. In its rulemaking proceeding and in the exercise of its regulatory discretion, the FDA could have easily provided that the amount of sodium for food labeling purposes is "based on only the edible portion of food, and not bone, seed, shell, or other inedible components, but salt added, to the inedible components and intended for consumption must be included." However, it did not.